Filed Feb. 6, 1892.

---

No. 15,196.

## KUNZ ET AL. *v.* PUSTER ET AL.

WILL.—*Construction.*—*Life-Estate to Wife and Fee to Son, Charged with
Burden.*—A testator gave to his wife his real and personal property " to
keep and hold during the term of her natural life, and give her all
rights and power to sell and convey as her property, that is if she will
never get married again; and after my wife's death my real estate and
personal property, together with all I own and possess, with all money

due me, shall go over to my son," E., "and his heirs forever." He then gave to E., after his wife's death, all his personal property, money and choses in action, and required him to pay the testator's debts out of the personal property. Then followed a clause providing that at the wife's death the real estate should be appraised at its lowest cash value, and E. was required to pay two-thirds of the amount to the testator's three grandchildren when they arrived at the age of twenty-one years. The testator then adds, in explanation of the language he had used, as follows : "So this is understood that my son," E., "shall be the owner of my property, real and personal, and carry on my business, and out of my real estate he will pay the other parties above named their third part in money."

*Held,* that the wife took a life-estate in the real estate, and the son, E., took the fee charged with the payment of the two-thirds of its value to the grandchildren named.

From the Vanderburgh Circuit Court.

*G. A. Bicknell, A. C. Tanner* and *W. W. Ireland,* for appellants.

*S. R. Hornbrook, A. Gilchrist* and *C. A. De Bruler,* for appellees.

OLDS, J.—Henry Kunz died testate in January, 1885, domiciled in Dubois county, Indiana, and the owner in fee of real estate situated in Dubois and Vanderburgh counties. He left surviving him his widow, Mary Kunz, his son, Edward H. Kunz, and his grandchildren, Nora E. Reutepohler, Albert H. Kunz and Florence Kunz.

His will was duly probated in Dubois county in February, 1885. The widow, Mary Kunz, and the son, Edward H. Kunz, sold and conveyed the real estate described in the complaint, and situate in Vanderburgh county, to the appellees Puster and others, claiming to be the owners in fee of said real estate, and this action is brought by the grantees of Mary and Edward H. to have their title quieted.

The various rulings of the court on demurrers to the pleadings present the question of the proper construction to be given to the will of the testator ; it being contended by the appellees, and so held by the court, that the will

gave to the widow, Mary Kunz, the right to sell and convey, by title in fee simple, the real estate of which the testator died seized. In this holding we think the trial court committed an error. It will unnecessarily extend this opinion, and accomplish no good purpose, to set out a copy of the will, for certainly no other testator will frame a devise in the same language as this one, or so nearly the same that this will be any guide for the construction of another, except as it must be controlled and construed by well settled legal principles.

In one clause of the will the testator first gives to his wife all his real estate and personal property, particularizing to some extent, and adding the words, " to keep and hold during the term of her natural life, and give her all rights and power to sell and convey as her property, that is if she will never get married again. And after my wife's death my real estate and personal property, together with all I own and possess, with all money due to me, shall go over to my son, Edward Henry Kunz, and his heirs forever." He then gives to his son, after his wife's death, all his personal property, money and choses in action, and requires the son to pay all of his debts out of his personal property. Then follows a provision that the real estate shall be appraised after his wife's death by three disinterested men, at its lowest cash value, and the same divided into three equal parts, requiring his son, Edward Henry, to pay one-third to Nora Reutepohler and one-third to Albert Henry and Florence Kunz, grandchildren of the testator, when they arrived at the age of twenty-one years.

Immediately following this disposition of the property, and in explanation thereof, this language is used : " So this is understood that my son, Edward Henry Kunz, shall be the owner of my property, real and personal, and carry on my business, and out of my real estate he will pay the other parties above named their third part in money."

The rule that in the construction of a will such as the one

under consideration, consisting of but one item, all of the instrument shall be considered together, is too well-settled to require the citation of authorities. Applying this well settled rule to the construction of this will, it would seem to us that there could be no doubt as to what was the intention of the testator in relation to the real estate disposed of by the will. While it is true, after giving to his wife a life-estate, he adds a clause giving her the right to sell provided she shall never marry again ; yet, immediately following, he gives all of his real estate and personal property to his son, and makes provision for him to pay his debts out of his personal property, and conduct his business, and provides for the appraisement of all of his real estate after his wife's death, and that the son shall pay to his grandchildren two-thirds of its appraised value. After he has made these provisions, that he may not be misunderstood, he places a construction on the former words, and says : " So, this is understood, that my son, Edward Henry Kunz, shall be the owner of my property, real and personal."

The wife took a life-estate in the real estate, and the son, Edward H., took the fee, charged with the payment of the two-thirds of its value to the grandchildren named.

Counsel for appellee place great stress on the clause of the will making the devise to the wife, and say : " Here the rule is applicable that regard shall be paid to the predominant idea of a will, and a general or predominant intention must prevail over a particular or subsidiary one." If there is any predominant idea expressed in this will, it is the intention to give to his son his real estate, and to require him to pay the grandchildren the two-thirds value of the same. It is further said by counsel that " It is also a rule of controlling authority that the power of disposition can not be taken away by any subsequent words, unless they are equally clear." The latter words in this will are equally clear and explicit as those giving the right to the widow to sell. The right given to sell does not purport to be more than a

conditional right, though the condition may be void. The disposition of the property afterwards made is clear and explicit, depending on no conditions.

The right of disposition by the wife under the will certainly can not be held to apply to the real estate, even if it does to the personal property. *Giles* v. *Little*, 104 U. S. 291; *Lindsey* v. *Lindsey*, 45 Ind. 552; *Eubank* v. *Smiley*, *post*, p. 393.

Reaching the conclusion that we do, that the wife took but a life-estate in the lands, without power of disposition, and that the fee vested in the son, Edward Henry, charged with the payment of two-thirds of its appraised value to the persons named, leads to a reversal of the judgment.

Judgment reversed, at costs of appellees, with instructions to the court below to proceed in accordance with this opinion.

Filed Feb. 3, 1892.